[Cite as *State v. Teets*, 2013-Ohio-1928.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-70 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-136 |
| v. | : | |
| | : | |
| STEVEN TEETS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 10th day of May, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

BRETT A. RINEHART, Atty. Reg. #0081226, 150 North Limestone Street, Suite 206, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Defendant-Appellant, Steven Teets, was indicted for one count of rape, with a

specific allegation that the victim was less than thirteen years of age, and one count of unlawful sexual conduct with a minor. The first offense is a first-degree felony, but because of the victim's age a conviction would have required a life sentence under R.C. 2907.02 (B). The second offense is a fourth-degree felony. The indicted counts alleged separate dates for the events.

{¶ 2} Teets was scheduled for a jury trial on August 24, 2011. On August 23, 2011, he entered a negotiated guilty plea to an amended count-one charge of gross sexual imposition, a third-degree felony, and to the second count, unlawful sexual conduct with a minor, a fourth-degree felony. A pre-sentence investigation was ordered.

{¶ 3} On September 13, 2011, a sentencing hearing was conducted. Counsel for the State, defendant's counsel, and the defendant himself each addressed the court. The State requested the imposition of maximum, consecutive sentences. The trial court indicated it had "considered the principles of sentencing * * *." (T.18). "Based upon the facts of this case, the information in the pre-sentence report, and in considering the seriousness of the defendant's conduct, and the risk of recidivism * * *," (T. 19), the trial court imposed prison terms of five years on amended count one and one and one-half years on count two, to be served consecutively. The defendant was designated a Tier II sex offender consistent with the information that had been provided to him at the time of his plea.

{¶ 4} The Judgment Entry of Conviction states that the trial court considered the record, oral statements of counsel, the defendant's statement, the pre-sentence investigation report, the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. (Dkt. 21).

{¶ 5} Appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issue for our review. The defendant was notified by this Court, in writing, that counsel had filed the *Anders* brief, and the defendant was given a specific opportunity to file a brief of his own. He requested several continuances, claiming he had not received documents from his appointed counsel that would enable him to file his own brief. We ordered counsel to provide him with written transcripts of the underlying proceedings. On February 8, 2013, counsel filed a notice, with attached mail receipt, indicating that the transcripts had been provided. Thereafter, our February 13, 2013 magistrate's order established March 11, 2013 as the filing date for the defendant's pro se brief. The defendant has not filed one as of the date of this opinion.

**{¶ 6}** Appointed counsel's *Anders* brief suggests the following potential issue for review: "THE TRIAL JUDGE DID NOT CONSIDER ALL NECESSARY FACTORS PRIOR TO DETERMINING THE SENTENCE TO THE DETRIMENT OF APPELLANT." Upon review, we agree that this issue lacks arguable merit.

**{¶ 7}** We previously have stated: "'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, ¶ 22.

**{¶ 8}** We also have said: "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give

its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶ 37.'" *State v. Barker*, 2d Dist. Montgomery No. 22779, 2009-Ohio-3511,¶36.

{¶ 9} We further note that in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court reiterated that R.C. 2929.14(C)(4) remained unconstitutional and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at ¶ 39. The General Assembly recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H .B. No. 86. This legislation, which had an effective date of September 30, 2011, was not applicable to the defendant, who was sentenced on September 13, 2011.

{¶ 10} With the foregoing principles in mind, we determine that the defendant's sentence is not contrary to law. The sentence is authorized by the statutory range for the respective charges. Furthermore, there is simply nothing in the record to indicate that the trial court abused its discretion by imposing the sentence it did. Accordingly, the potential assignment of error lacks arguable merit.

{¶ 11} In addition, pursuant to our responsibilities under *Anders*, we have independently reviewed the record in this case. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 12} Based on the reasoning set forth above, the judgment of the Clark County

Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and FROELICH, J., concur.

Copies mailed to:

Lisa M. Fannin
Brett A. Rinehart
Steven Teets
Hon. Douglas M. Rastatter